UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY JOSEPH NELSON,<br><br>        Plaintiff,<br><br>v.<br><br>BENJAMIN FRAHS; TRAVIS TAYLOR; C.O. DODGE; SGT. MEZO; C.O. NEBECKER; TYLER NICODEMUS; C.O. PROHAUSKA; JANE DOE; and JOHN DOE,<br><br>        Defendants. | Case No. 1:22-cv-00068-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Gregory Joseph Nelson, a prisoner in the custody of the Idaho Department of Correction ("IDOC"), is proceeding pro se and in forma pauperis in this civil rights action. Now pending before the Court are Plaintiff's Motion for Entry of Default (Dkt. 46) and Defendants' Motion to Dismiss under Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure (Dkt. 38).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument

---

[1] Defendants also move for dismissal under Rule 12(b)(1). Dkt. 38 at 1. However, that rule—which permits motions to dismiss for lack of subject matter jurisdiction—does not apply. Defendants do not argue that the Court lacks subject matter jurisdiction. *See generally id*.

MEMORANDUM DECISION AND ORDER - 1

is unnecessary. D. Idaho Loc. Civ. R. 7.1. Accordingly, and for the reasons that follow, the Court enters the following order denying Plaintiff's Motion for Default and granting in part Defendants' Motion to Dismiss.

## BACKGROUND

On February 26, 2020, Plaintiff's cellmate attacked Plaintiff, causing injury. Prior to this attack, Plaintiff had informed Defendants that his cellmate had threatened Plaintiff with violence. However, nothing was done to separate Plaintiff and his cellmate before the attack.

Plaintiff has been permitted to proceed on his Eighth Amendment failure-to-protect claims under 42 U.S.C. § 1983, as well as his state law negligence claims. *Init. Rev. Order*, Dkt. 31, at 6–7.

## DISCUSSION

## 1.    Plaintiff's Motion for Entry of Default

Plaintiff seeks entry of default against Defendants Nebecker, Tyler, and Nicodemus.[2] Dkt. 46; *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

---

[2] Plaintiff also seeks entry of default against the John and Jane Doe Defendants. Dkt. 46 at 1. Because Plaintiff has not moved to amend the Complaint to identify these Defendants, the Court will deny Plaintiffs' request for entry of default against them.

default."). Plaintiff's request is based on defense counsel's initial notice of appearance, which inadvertently omitted these Defendants.

However, Defendants Nebecker, Tyler, and Nicodemus waived service of process and have moved to dismiss Plaintiff's Complaint. *See* Dkts. 34, 38. Thus, these Defendants have not failed to defend this action, and Plaintiff's Motion for Entry of Default will be denied.

**2.    Defendants' Motion to Dismiss**

In their Rule 12(b)(6) motion, Defendants argue that Plaintiff's state law claims, as well as Plaintiff's official-capacity claims for monetary damages under § 1983, are barred by the Eleventh Amendment. Defendants also argue that the Complaint does not meet the pleading requirements for Plaintiff's § 1983 claims for injunctive relief or for monetary damages against Defendants in their individual capacities.

### A.    *Standards of Law*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal is also appropriate where the plaintiff has included allegations disclosing an absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783 at n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts.").

A complaint fails to state a claim for relief if the factual assertions in the complaint are insufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, a complaint need not contain "detailed factual allegations," but it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**B.** **The Eleventh Amendment Bars Plaintiff's State Law Claims and § 1983 Monetary Damages Claims Against Defendants in Their Official Capacity**

Defendants argue that Plaintiff's state law claims and official-capacity claims for monetary damages under § 1983 are barred by the Eleventh Amendment to the United States Constitution.

States and state entities are immune from suit in federal court under the Eleventh Amendment absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment also bars claims for damages against state employees if liability on the claims would "be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *abrogated on other grounds as stated in Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 n.4 (1989).

With respect to state law claims, the Idaho Tort Claims Act provides that the State of Idaho is "responsible for the payment of any judgment on any claim or civil lawsuit against an employee for money damages arising out of any act or omission within the course and scope of his employment." Idaho Code § 6-903(2)(i). Thus, as long as a state employee is acting in the course and scope of employment, any monetary judgment against them on state law claims constitutes a suit against the State for purposes of the Eleventh Amendment.

MEMORANDUM DECISION AND ORDER - 5

Here, Defendants are all employees of the IDOC, which is an arm of the state for purposes of Eleventh Amendment immunity. *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) ("[T]he department of corrections [is] 'an executive department of the state government' under the Idaho Constitution.") (quoting Idaho Code § 20-201). The Complaint contains no allegations suggesting that any Defendant was not acting "within the course and scope of his employment." Idaho Code § 6-903(2)(i). As a result, any monetary damages on Plaintiff's state law claims "would have to be paid out of the state treasury," *Leer*, 844 F.2d at 632, and Plaintiff's state law claims are barred by the Eleventh Amendment.

Similarly, a § 1983 claim for damages against a state employee in his or her official capacity is also barred by the Eleventh Amendment absent a waiver of state sovereign immunity.[3] *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992). Section 1983 does not constitute such a waiver, *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979), and Idaho itself has not waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012).

Thus, any claims for monetary damages against Defendants in their official capacities must be dismissed.

---

[3] For this reason, claims for damages against state employees are generally construed as individual-capacity claims.

### C.    *The Complaint States Plausible § 1983 Claims Against Defendants, Both for Damages and for Injunctive Relief*

The Eleventh Amendment permits damages claims against state officers in their individual capacities. *Pena*, 976 F.2d at 472. Additionally, a plaintiff may bring a federal suit for injunctive relief against state officers without violating the Eleventh Amendment.[4] *Ex Parte Young*, 209 U.S. 123, 155–56 (1908).

Defendants argue that the Complaint fails to state a claim for relief under § 1983, either for damages or injunctive relief. The Court previously concluded that these claims were plausible under a liberal construction of the Complaint. *Init. Rev. Order* at 6.

The Court has again reviewed the Complaint, and its analysis remains unchanged as to Plaintiff's § 1983 claims for damages and injunctive relief. Therefore, the Court will deny Defendants' Motion to Dismiss with respect to these claims.

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Motion for Entry of Default (Dkt. 46) is DENIED.

---

[4] A plaintiff may not, however, obtain a "judgment[] against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146 (1993).

2.      Defendants' Motion to Dismiss (Dkt. 38) is GRANTED IN PART and DENIED IN PART. Plaintiff's state law claims, as well as his § 1983 claims for monetary damages against Defendants in their official capacities, are DISMISSED. Plaintiff's damages claims against Defendants in their individual capacities under § 1983, as well as Plaintiff's § 1983 claims for injunctive relief, are plausible and will not be dismissed at this time.

3.      Defendants must answer the Complaint within 21 days after entry of this Order.

4.      Except as set forth below or otherwise ordered, the parties must follow the deadlines and guidelines set forth in the Standard Disclosure and Discovery Order (Dkt. 30), entered on June 13, 2024.

5.      Any amended pleadings must be filed within 150 days after entry of this Order.

6.      Dispositive motions must be filed no later than 30 days after close of discovery.

DATED: December 2, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8