UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY JOSEPH NELSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BENJAMIN FRAHS; TRAVIS TAYLOR; C.O. DODGE; SGT. MEZO; C.O. NEBECKER; TYLER NICODEMUS; C.O. PROHAUSKA; JANE DOE; and JOHN DOE,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00068-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff, an inmate in the custody of the Idaho Department of Correction, is proceeding pro se and in forma pauperis in this civil rights action. Now pending before the Court are several motions filed by the parties. Plaintiff has also filed an Amended Complaint, though he did not seek leave to do so.

1. **Plaintiff Will Be Permitted to Amend the Complaint**

Because the Amended Complaint was filed more than 21 days after Defendants filed their answer, Plaintiff was required to file a motion to amend the Complaint. Fed. R. Civ. P. 15(a)(2). Plaintiff states that he believed a motion to amend was not required because when the Court amended the pretrial schedule, it extended the time to file "[a]ny amended pleadings" but did not expressly state that an amended pleading must be

accompanied by a motion to amend. *Memo. Dec. and Order*, Dkt. 56, at 8; *Plaintiff's Notices Regarding Dkts. 59, 63, 65, 69, & 70*, Dkt. 80, at 3.

Plaintiff's belief was incorrect. The Court did not have to restate Rule 15(a)(2)'s requirement that Plaintiff seek leave of court to amend the complaint.

Mindful of Plaintiff's pro se status, however, the Court will liberally construe the Amended Complaint (Dkt. 76) as including a motion to amend. The Court will now analyze whether the construed motion should be granted.

### A.     *Standards of Law*

In considering whether Plaintiff should be allowed to amend the complaint and in reviewing the proposed Amended Complaint, the Court has considered the screening requirements of 28 U.S.C. §§ 1915 and 1915A, as well as the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the standards for amendment under Rule 15.

The Court is required to review complaints filed by paupers or by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 and 1915A.

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although the Rules "do[] not require detailed factual allegations, . . . [they] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—it is

MEMORANDUM DECISION AND ORDER - 3

appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se prisoners so as not to close the courthouse doors to those in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135–36.

### B. The Amended Complaint States Plausible Eighth Amendment Failure-to-Protect Claims against All Identified Defendants

Plaintiff alleges that Defendants Frahs, Taylor, Dodge, Mezo, Nebecker, Nicodemus, and Prohauska failed to protect him from an attack by another inmate. Plaintiff asserts these claims under 42 U.S.C. § 1983, citing the Eighth Amendment to the U.S. Constitution. *Am. Compl*. at 3, 6, 12–13. Plaintiff has omitted any state law claims from the proposed Amended Complaint. *See generally id*.

Plaintiff has plausibly alleged that he was incarcerated under conditions posing a substantial risk of serious harm and that the seven named Defendants acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Accordingly, Plaintiff's motion to amend the complaint will be granted in part, and Plaintiff may proceed against these Defendants on his Eighth Amendment claims.

Plaintiff may not, however, proceed against the John and Jane Doe Defendants. Despite the fact that discovery has been ongoing, Plaintiff still has not identified these unknown Defendants.

2.     **Plaintiff's Motion to Appoint Neutral Expert**

Plaintiff asks the Court the appoint a medical expert under Federal Rule of Evidence 706. That rule permits a federal court to appoint an independent expert witness and charge the expert's compensation to "the parties in the proportion and at the time that the court directs." A Rule 706 expert may be appointed in a factually or legally complex case, such as one requiring the determination of the concentration levels of environmental tobacco smoke and of the health effects of such smoke on nonsmokers. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.), *cert. granted, judgment vacated sub nom. Helling v. McKinney*, 502 U.S. 903 (1991), *and judgment reinstated*, 959 F.2d 853 (9th Cir. 1992).

The Court will deny Plaintiff's motion for appointment of a medical expert. This case is neither factually nor legally complex. Additionally, Plaintiff's Amended Complaint does not assert a claim of inadequate medical treatment. Accordingly, a Rule 706 medical expert is not required.

3.     **Plaintiff's Motion for Reconsideration**

On December 2, 2024, the Court granted in part Defendants' motion to dismiss the initial complaint. *See* Dkt. 56. Plaintiff's state law claims, as well as his § 1983 claims for monetary damages in Defendants' official capacities, were dismissed pursuant to the Eleventh Amendment.

MEMORANDUM DECISION AND ORDER - 5

Plaintiff has filed a motion to reconsider that decision. However, because the Amended Complaint supersedes the initial complaint as the operative pleading in this action, the Motion for Reconsideration is moot.

## 4. Plaintiff's Motion for Leave of Court to Conduct Depositions and Motion for Sanctions

Plaintiff has notified the Court and Defendants that he wishes to withdraw his Motion for Leave of Court to Conduct Depositions and his Motion for Sanctions.[1] Dkt. 80 at 2. Accordingly, these motions are moot.

## 5. Defendants' Motion to Strike Amended Complaint

Because the Court is permitting Plaintiff to proceed on the Amended Complaint despite Plaintiff's failure to file a motion to amend, Defendants' Motion to Strike the Amended Complaint will be denied.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's motion to amend the complaint (construed as included in Dkt. 76) is GRANTED IN PART. Plaintiff may proceed on the Amended Complaint's Eighth Amendment claims against Defendants Frahs, Taylor, Dodge, Mezo, Nebecker, Nicodemus, and Prohauska. All claims against Defendants John Doe and Jane Doe are DISMISSED.

---

[1] With the withdrawal of these motions, Plaintiff no longer has more than three pending motions. *See Init. Rev. Order*, Dkt. 31, at 10 ("No party may have more than three pending motions before the Court at one time ….").

2. Defendants' response to the Amended Complaint must be filed no later than 21 days after entry of this Order.

3. Plaintiff's Motion to Appoint Neutral Expert (Dkt. 59) is DENIED.

4. Plaintiff's Motion for Reconsideration (Dkt. 60) is MOOT.

5. Plaintiff's Motion for Sanctions (Dkt. 62) is MOOT.

6. Plaintiff's Motion for Leave of Court to Conduct Depositions (Dkt. 70) is MOOT.

7. Defendants' Motion to Strike the Amended Complaint (Dkt. 79) is DENIED.

DATED: May 13, 2025

_____
B. Lynn Winmill
U.S. District Court Judge