UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY JOSEPH NELSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BENJAMIN FRAHS, et al.,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00068-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff, an inmate in the custody of the Idaho Department of Correction, is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff was initially permitted to proceed on Eighth Amendment failure-to-protect claims under 42 U.S.C. § 1983, as well as state law negligence claims. *Init. Rev. Order*, Dkt. 31 at 6–7. On December 2, 2024, the Court granted in part and denied in part Defendants' motion to dismiss and dismissed Plaintiff's state law claims and his § 1983 claims for monetary damages against Defendants in their official capacities. *Memo. Dec. and Order*, Dkt. 56, at 8. Plaintiff's § 1983 claims for injunctive relief and for damages against Defendants in their individual capacities remain. *Id*.

On May 13, 2025, the Court granted in part Plaintiff's request to amend the complaint. Plaintiff was permitted to proceed on the Amended Complaint's Eighth Amendment failure-to-protect claims against Defendants Frahs, Taylor, Dodge, Mezo,

Nebecker, Nicodemus, and Prohauska. *Memo. Dec. and Order*, Dkt. 81, at 4–5. The request to amend was denied in all other respects.

Plaintiff has now filed a notice regarding a dispute as to pretrial deadlines, which the Court will construe as a motion for clarification. Dkt. 97. Plaintiff has also filed a Motion for Leave to File Second Amended Complaint, as well as two Motions to Compel. Dkt. 96, 99, 104. The Court will address the motions in turn.

1.      **Motion for Clarification Regarding Pretrial Deadlines**

The Court's pretrial schedule was set forth as follows. Discovery was to "be completed by the later of (a) 270 days after entry of the initial or successive review order or (b) 270 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion." *Stnd. Discl. and Disc. Order for Pro Se Prisoner Civ. Rights Cases*, Dkt. 30, at 4. Dispositive motions were to be filed "by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion." *Init. Rev. Order*, Dkt. 31, at 9. Accordingly, when the Court denied in part Defendants' motion to dismiss on December 2, 2024, discovery was set to be completed by August 29, 2025 (270 days after December 2, 2024), and dispositive motions were due to be filed by September 29, 2025 (300 days after December 2, 2024).[1]

Plaintiff takes issue with this schedule. He contends that, instead of counting the discovery deadline from the December 2, 2024 order denying in part Defendants' motion

---

[1] 300 days after December 2, 2024 actually fell on Sunday, September 28, 2025. Dispositive motions were thus due the next business day: Monday, September 29, 2025.

MEMORANDUM DECISION AND ORDER - 2

to dismiss, the Court should have treated its May 13, 2025 Order granting in part Plaintiff's motion to amend "as a successive review [o]rder" and counted the discovery and dispositive motion deadlines from the date of *that* order. This would have set the discovery deadline for February 9, 2026.

Plaintiff is mistaken. The Court clearly set the discovery deadline as 270 days from "the later of (a) 270 days after entry of the initial or successive review order or (b) 270 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion." Dkt. 30 at 4. The Court's December 2, 2024 Memorandum Decision and Order was an order denying part of a preliminary Rule 12(b) motion. The Court's May 13, 2025 Memorandum Decision and Order was neither a successive review order nor an order denying part of a preliminary Rule 12(b) or Rule 56 motion. Accordingly, the discovery deadline expired on August 29, 2025.

**2.      Plaintiff's Motion to Amend and to File Second Amended Complaint**

The deadline for filing any motion to amend and proposed amended complaint was May 1, 2025. *See Memo. Dec. and Order*, Dkt. 56, at 8 (setting amendment deadline for 150 days after Dec. 2, 2024). Plaintiff did not file his Motion for Leave to File Second Amended Complaint until July 22, 2025, at the earliest (mailbox rule).

If a motion to amend is filed within the time limit set by the Court's scheduling order, the motion is governed by Rule 15 of the Federal Rules of Civil Procedure. Under that liberal amendment standard, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

MEMORANDUM DECISION AND ORDER - 3

However, if a motion to amend is filed after the deadline for amendment has passed—as in this case—the motion may be granted only if the plaintiff shows good cause for the delay under Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15.") (internal quotation marks and alteration omitted). Good cause exists when a deadline in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Adv. Cmte. Notes to Fed. R. Civ. P. 16(b), 1983 amendment).

Here, Plaintiff filed the instant Motion to Amend nearly three months after the deadline for amendments. Because Plaintiff has not offered any reason for the delay, he has not shown good cause. Accordingly, the Court will deny the Motion to Amend.

3.      **Plaintiff's Motions to Compel**

Plaintiff's two Motions to Compel were filed, at the earliest, on September 12 and September 28, 2025. *See* Dkts. 99, 104. However, because discovery closed on August 29, 2025, the Motions to Compel are untimely. Plaintiff's claim that the Motions to Compel are dispositive motions and, thus, were timely filed is without merit. *See* Dkt. 108. Motions to compel must be filed prior to the close of discovery. Therefore, the Court will deny Plaintiff's Motions to Compel.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Notice (Dkt. 97), construed as a motion for clarification, is GRANTED IN PART, as explained above. Discovery in this matter closed on August 29, 2025.

2. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 96) is DENIED as untimely.

3. Plaintiff's Motions to Compel (Dkts. 99 and 104) are DENIED as untimely.

4. Plaintiff's Motion for Leave to File Motion to Strike and Motion for Leave to File Motion for Clarification (Dkts. 107 and 118) are GRANTED. Once Plaintiff's Motion to Strike and Motion for Clarification (Dkts. 108 and 117) are ripe, the Court will resolve those Motions and set a response deadline for Defendant's pending Motion for Summary Judgment (Dkt. 103).

5. The parties are reminded that they are prohibited from having more than three motions pending at any given time. Though the Court has not enforced that limitation in this Order, it intends to do so in the future.

DATED: October 29, 2025

B. Lynn Winmill
U.S. District Court Judge